UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                           Chapter 11

    JGR Group Inc.                                              Case no.  22-10710

                      Debtor.
---------------------------------------------------------x

## APPLICATION TO EMPLOY

JGR Group Inc., the debtor and debtor-in-possession herein (the "Debtor"), as and for its application to retain FIA Capital Partners, LLC ("FIA") to provide restructuring services and to designate David Goldwasser as chief restructuring officer ("CRO") in connection therewith, respectfully represents as follows:

## BACKGROUND

1. On June 3, 2022 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.  The Debtor has continued its business as a debtor-in-possession.  No trustee or creditors committee has been appointed.

2. David Goldwasser specializes in bankruptcy and litigation planning involving Chapter 11 reorganization, bankruptcy claims, tax liens, and rescue capital for distressed commercial real estate.  He and his FIA team help owners decide how to preserve current value and create future value, assist debtors in working with landlords, secured lenders, unsecured creditors and capital sources to effectuate restructuring, both in and out of court.

3. Mr. Goldwasser has over 20 years of litigation and crisis management experience and has appeared on behalf of debtors in over thirty bankruptcy cases in the Southern and Eastern Districts of New York, a list of which is annexed hereto as Exhibit B.

4. His experience also includes the wind down of a mid-size corporation with over 1,000 employees and 17 locations, and various property types on a local and national level. He has served as an advisor to several large real estate groups as well as family offices and has served as director of acquisitions and head of construction management. Mr. Goldwasser has structured numerous real estate and business deals in New York, Florida and the West Coast and has succeeded in raising capital from a diverse group of high net worth investors, institutions, and money managers. He has served as Regional Project Manager for Nicon Construction in South Florida, where he managed over $45,000,000 of disaster relief construction from Hurricane Wilma, running a workforce over 300 people

5. Before that, Mr. Goldwasser sold a construction management company he founded and ran for five years in NYC, which was a leading exterior restoration company, specializing in local ordinance work in Manhattan. This company had a significant role in the remedial work in and around the Ground Zero area post 9-11.

6. Besides retaining FIA for restructuring services, the Debtor has appointed Mr. Goldwasser a Chief Restructuring Officer ("CRO").

7. Mr. Goldwasser will act as CRO in a manner consistent with the business judgment rule, applicable law, and the provisions of the Bankruptcy Code regarding persons acting on behalf of debtors, all subject to the Debtor's direction.

8.     The Debtor engaged FIA under the Bankruptcy Management Agreement, a copy of which annexed is hereto as Exhibit C ("Engagement Agreement").  Among the services FIA provides are advising and guiding the Debtor regarding on all aspects of Bankruptcy, reviewing documentation, preparing Bankruptcy schedules, opening debtor in possession bank accounts, assembling documents demanded by Office of the United States Trustee at the outset of the Chapter 11 case, preparing Bankruptcy operating reports throughout the case, preparing projections, assisting counsel in preparation of pleadings, attending the initial debtor interview with United States Trustee, representing the Debtor at the first meeting of creditors, attending Bankruptcy Court hearings, coordinating with Debtor's management, and engaging in negotiations to facilitate the settlement of disputes.

9.     FIA has agreed further, to perform a comprehensive due diligence review of the Debtor and its property including its financial condition, property condition, state of its macro and micro economic market, and competitive position. To accomplish this, FIA will review the Debtor's financial records relating to the property, including, but not limited to, leases, management and leasing agreements, loan documents, budgets and income projections. FIA shall propose a workout plan and outline the steps necessary for implementation.

10.    To the best of the Debtor's knowledge, information, and belief, other than as set forth in the Goldwasser Declaration filed herewith, FIA and Goldwasser: (a) have no connection with the Debtor, its creditors, other parties in interest, the attorneys or accountants of any of the foregoing, this Court, the Judge's Clerks, the Judge's Courtroom Deputy, the Office of the United States Trustee for the Southern and Eastern Districts of New York (the "U.S.

Trustee"), or any person employed in the Office of the United States Trustee; and (b) holds no interest adverse to the Debtor's estates.

11. Although the Debtor respectfully submits that FIA's retention is not governed by section 327 of the Bankruptcy Code, the Goldwasser Declaration discloses indicates no relationship between FIA or Mr. Goldwasser with the Debtor, its creditors, or other parties in interest known to FIA. Based upon such disclosures, the Debtor submits that FIA is a "disinterested person" as that term is defined by section 101(14) of the Bankruptcy Code. If any new material facts or relationships are discovered or arise, FIA will provide the Court with a supplemental declaration disclosing, among other things, any new potential conflicts between the Debtor, Mr. Goldwasser, or other significant parties in interest.

12. FIA and Mr. Goldwasser will be paid by the Debtor under the Engagement Agreement. The Debtor paid FIA as follows:

$25,000 initial fee paid at the time of the execution of Engagement Agreement,

$15,750 monthly fee commencing August 1, 2022, and

$1,500 per diem fee plus travel expenses for court appearances.

13. The term of the Engagement Agreement commenced on the Petition Date and terminates on the earlier of the client's termination or the final resolution and closure of the bankruptcy case.

14. Because FIA and Mr. Goldwasser are not being employed as professionals under section 327 of the Bankruptcy Code, they will not be required to submit fee applications under sections 330 and 331 of the Bankruptcy Code.

15. The Debtor believes that FIA's fees and compensation as set forth herein are reasonable and justified under the circumstances.

## RELIEF REQUESTED HEREIN

16. The Debtor seeks to employ and retain FIA for restructuring services and to appoint Mr. Goldwasser as CRO under section 363 of the Bankruptcy Code, as of the Petition Date.

17. Section 363(b)(1) of the Bankruptcy Code provides in relevant part that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Further, under section 105(a) of the Bankruptcy Code, the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

18. Under case law in this and other jurisdictions, if a debtor's proposed use of its assets under section 363(b) of the Bankruptcy Code represents a reasonable business judgment by the debtor, such use should be approved.

19. FIA and Mr. Goldwasser negotiated the terms of the Engagement Agreement at arm's length and in good faith. The Debtor submits that the employment of FIA and Mr. Goldwasser is a sound exercise of its business judgment and satisfies section 363 of the Bankruptcy Code as FIA's and Mr. Goldwasser's services are necessary and essential to the Debtor's reorganization efforts.

20. FIA has already provided the Debtor with guidance on all aspects of Chapter 11 restructuring, helped to prepare the Debtor's Chapter 11 petition on an emergency

basis, assisted in preparing schedules, projections and documentation for the United States Trustee and creditors, and appeared at the United States Trustee initial debtor interview and the first meeting of creditors.

21.     FIA's work has resulted in substantial management, legal fee, and accounting fee savings.  These savings will grow larger as FIA prepares operating reports, coordinates with the Debtor on workout strategy, and assists counsel in hearings before this Court.

22.     No prior application has been made for the relief requested herein.

**WHEREFORE**, the Debtor respectfully requests that this Court enter the prefixed order, see Exhibit A, and grant such other and further relief as it deems just and proper.

Dated:  New York, New York
        July 15, 2022

                                                JACOBS P.C.
                                                Proposed Attorneys for the Debtor

By:     /s/ Leo Jacobs_____
        Leo Jacobs
        450 Lexington Avenue
        New York, New York 10017
        (718) 772-8704